**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4571**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM BARNES,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:06-cr-00131-RWT-11)

———————

Submitted:  June 19, 2014        Decided:  July 7, 2014

———————

Before NIEMEYER, DUNCAN, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Carmen D. Hernandez, Highland, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, James A. Crowell, IV, Assistant United States Attorney, Jennifer R. Sykes, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Barnes appeals the district court's judgment revoking his supervised release and imposing a nine-month prison term and a three-year, nine-month term of supervised release. The only issues Barnes raises on appeal challenge the district court's decision to impose the nine-month prison term. Because Barnes' appeal is moot, we dismiss it.

Barnes' term of supervised release began in March 2013. In April 2013, the probation officer petitioned the district court to revoke Barnes' supervised release, alleging that he had violated three terms of his supervised release. After a hearing, the district court determined that Barnes had violated those terms. Accordingly, the court revoked Barnes' supervised release and sentenced him to nine months' imprisonment and a three-year, nine-month term of supervised release.

During the pendency of this appeal, Barnes was released from imprisonment. Accordingly, his arguments challenging the district court's imposition of the nine-month prison term are moot. See United States v. Hardy, 545 F.3d 280, 284-85 (4th Cir. 2008) (noting that appellant's release from prison during pendency of appeal mooted challenge to revocation of supervised release and imposition of prison sentence); Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)

2

(whether this court is "presented with a live case or controversy is a question [the court] may raise <u>sua sponte</u> since mootness goes to the heart of the Article III jurisdiction of the courts" (internal quotation marks omitted)).

Accordingly, we dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>